**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lee Beitman, | No. CV-17-03829-PHX-JAT (BSB) |
| Plaintiff, | **ORDER** |
| v. | |
| Correct Clear Solutions, et al., | |
| Defendants. | |

Pending before the Court is the Report and Recommendation ("R&R") from the Magistrate Judge (Doc. 49) recommending that Defendant Bennie Rollins be dismissed for failure to timely serve. Plaintiff has objected to the R&R. The Court will review the portions of the R&R to which there is an objection *de novo*. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) ("statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)).

Plaintiff does not dispute that Defendant Rollins had not been served. Plaintiff further does not dispute that the time for service has expired. Instead Plaintiff claims that the Court should do more to help him accomplish served.

As recounted in the R&R, Defendant Rollins no longer works for, or with, the other Defendants in this case. (Doc. 49). Nonetheless, the Magistrate Judge ordered the appearing Defendants to submit Defendant Rollins' last known address under seal. (*Id*.). Using that address, the Marshals attempted to serve Defendant Rollins. (*Id*.). The

Marshals were advised that Defendant Rollins does not reside at the address provided. (*Id.*). Having exhausted all avenues for discovering Defendant Rollins' address, the Magistrate Judge recommends that Defendant Rollins be dismissed, without prejudice.

Plaintiff objects arguing that this Court could take a variety of actions to aid Plaintiff. Specifically, Plaintiff suggests that the Court could appoint him counsel, make the attorneys for the other Defendants accept service for Mr. Rollins, or order the Marshals to locate Mr. Rollins. None of these options are required or appropriate.

First, the Magistrate Judge has already denied appointment of counsel (Doc. 55) and this Court agrees with that decision. Moreover, investigative services are not the purpose of appointing counsel. (*Id.*) Second, the Court cannot force attorneys to accept service for someone they do not represent. Third, the Marshals are not investigators for Plaintiff. While the Court understands there are limits to Plaintiff's resources in prison, the Marshals are not his staff to investigate and pursue his private litigation interests.

Thus, the Court agrees with the R&R that on this record, there is no likelihood of accomplishing service. Accordingly, dismissal without prejudice is the appropriate remedy. Therefore,

**IT IS ORDERED** that the Report and Recommendation (Doc. 49) is accepted; the objections (Doc. 53) are overruled; Defendant Rollins is dismissed for failure to serve, without prejudice.

Dated this 26th day of February, 2019.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge