**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lee Beitman,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Corizon Health Incorporated, et al.,<br><br>　　　　Defendants. | No. CV-17-03829-PHX-JAT<br><br>**ORDER** |

There are several pending motions, each filed by Plaintiff. (Doc. 164; Doc. 166; Doc. 167). The Court now rules on each motion.

    **a.**　**Plaintiff's Motion for Telephonic Hearing for "Due Process of Law Violation" (Doc. 164)**

Plaintiff essentially asserts a spoliation claim. (Doc. 164). Defendants have been looking for x-rays, taken in February 2015, that will allegedly support Plaintiff's claim that he had broken bones that were not properly treated. (Doc. 164; Doc. 162 at 4–9); *see Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" (citation omitted)); *see also In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1066–67 (N.D. Cal. 2006) (discussing the legal standard for granting sanctions for spoliation of evidence). Plaintiff seeks a hearing to discuss, among other things, "why sanctions should not be held against the defendants and their counsel." (Doc. 164 at 3). This Motion

(Doc. 164) will be denied as Defendants assert they are still looking for the x-rays. (Doc. 170). This Order is without prejudice to Plaintiff raising an appropriate motion for sanctions for spoliation in the future should Defendants be unable to locate the x-rays.

### b.  Plaintiff's Motion to Amend Case Caption (Doc. 166)

Plaintiff requests that the Court change the case caption from "Michael Lee Beitman" to "Lee Michael Beitman" as Lee Michael Beitman is his true name. (Doc. 166). The Court will grant the Motion (Doc. 166).

### c.  Plaintiff's Motion for Court to Appoint Counsel (Doc. 167)

Plaintiff asks the Court to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1).[1] (Doc. 167). A court can appoint counsel under § 1915(e)(1) where there are "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (citation omitted).

This case has been referred to Magistrate Judge Eileen S. Willett for a settlement conference. (Doc. 162 at 22; Doc. 165). The Court sees no reason why Plaintiff cannot decide, without counsel, whether he should settle the case. As such, at this time, the Court does not find exceptional circumstances that warrant appointing counsel under § 1915(e)(1). The Motion (Doc. 167) will be denied without prejudice to Plaintiff raising a subsequent request for counsel after the settlement conference should the settlement conference not result in settlement and dismissal of the case.

### d.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Telephonic Hearing for "Due Process of Law Violation" (Doc. 164) is **DENIED** without prejudice to Plaintiff raising

---

[1] Plaintiff actually cited 28 U.S.C. § 1915(a)(2), (Doc. 167 at 1), but that provision does not authorize the Court to appoint counsel.

1  an appropriate motion for sanctions for spoliation in the future should Defendants be
2  unable to locate the x-rays.
3      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Case Caption
4  (Doc. 166) is **GRANTED**. The Clerk of Court shall correct the caption on the docket
5  from "Michael Lee Beitman" to "Lee Michael Beitman."
6      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Court to Appoint
7  Counsel (Doc. 167) is **DENIED** without prejudice to Plaintiff raising a subsequent
8  request for counsel after the settlement conference should the settlement conference not
9  result in settlement and dismissal of the case.
10     Dated this 24th day of April, 2020.

James A. Teilborg
Senior United States District Judge