**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman,<br><br>   Plaintiff,<br><br>v.<br><br>Corizon Health Incorporated, et al.,<br><br>   Defendants. | No. CV-17-03829-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Lee Michael Beitman's Motion to Appoint Counsel (the "Motion") (Doc. 204) and Defendants' Response (Doc. 211).[1] For the following reasons, the Motion is GRANTED.

**I.    BACKGROUND**

Plaintiff previously made four requests for the Court to appoint counsel. (Doc. 18; Doc. 105; Doc. 167; Doc. 183). The Court denied the September 12, 2018, request without prejudice. (Doc. 21). The Court denied the August 14, 2019, request "without prejudice if any of Plaintiff's claims survive summary judgment." (Doc. 112). The Court denied the April 24, 2020, request because "[t]his case [had] been referred to Magistrate Judge Eileen S. Willett for a settlement conference" and there was no apparent "reason why Plaintiff [could not] decide, without counsel, whether he should settle the case." (Doc. 175 at 2).

---

[1] Notably, while Defendants do not "assent to the factual averments in the Motion concerning alleged evidence fabrication," they do not oppose the appointment of counsel for Plaintiff. (Doc. 211 at 1). Defendants request "that the Court extend all remaining dates and deadlines" should the Motion be granted. (*Id.*).

The Court ruled that Plaintiff may "rais[e] a subsequent request for counsel after the settlement conference should the settlement conference not result in settlement and dismissal of the case." (*Id.* at 2–3). The Court denied the July 7, 2020, request for similar reasons. Defendants' Motion for Summary Judgment was denied on March 18, 2020. (Doc. 162). The settlement conference occurred on August 20, 2020, and the case did not settle. (Doc. 199). Per the Court's August 14, 2019, and April 24, 2020, orders, Plaintiff has raised a subsequent request for counsel, which the Court now considers.

## II.   LEGAL STANDARD

There is no constitutional right to the appointment of counsel in a civil case. *Johnson v. U.S. Dep't. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). In proceedings in *forma pauperis*, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel under § 1915(e)(1) is required only when "exceptional circumstances" are present. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). To determine whether exceptional circumstances exist, the Court considers the likelihood of success on the merits and the plaintiff's ability to articulate his claims in view of their complexity. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). These two considerations must be analyzed together; neither is dispositive. *Wilborn*, 789 F.2d at 1331.

## III.   ANALYSIS

Here, the Court finds that both factors for determining whether exceptional circumstances exist weigh in favor of appointing counsel. This matter presents complex legal issues like constitutional violations under the Eighth Amendment, Plaintiff presenting his case at a jury trial, which presents numerous procedural complexities, and asserting *Monell* claims. (*See* Doc. 204 at 3; Doc. 162 at 2, 8, 19). Due to the complexity of the instant matter, Plaintiff, who is confined in the Arizona State Prison system, is unlikely to be able to effectively articulate his claims pro se at trial. *See Carson v. Martinez*, No. 316CV01736JLSBLM, 2019 WL 6218778, at *1 (S.D. Cal. Nov. 21, 2019) (appointing counsel due to an upcoming trial for a plaintiff who "demonstrated an ability to articulate

his claims, amend his pleading, engage in discovery, and to partially survive summary judgment while proceeding without counsel"); *Lewis v. Pugh*, No. C17-5227MJP, 2019 WL 325090, at *4 (W.D. Wash. Jan. 25, 2019) (holding that, *inter alia*, application of complex legal doctrine favored appointment of counsel); *Anderson v. Talisman*, No. 1:07-CV-00715ALAP, 2009 WL 321281, at *1 (E.D. Cal. Feb. 9, 2009) (holding that limitations due to imprisonment and constitutional claims at issue favored appointment of counsel). Thus, the complexity of claims factor weighs in favor of appointing counsel.

Plaintiff has also demonstrated a likelihood of success on the merits necessary for the Court to appoint counsel. "[G]iven that he has already defeated the motion for summary judgment, [Plaintiff] has adequately demonstrated a likelihood of success on the merits." *Lewis*, 2019 WL 325090, at *4; s*ee also Hollis*, 2012 WL 5304756, at *6 (granting motion to appoint counsel after finding that "it [did] not appear that plaintiff's claims [were] patently unmeritorious"). Thus, the likelihood of success factor weighs in favor of appointing counsel.

Accordingly, because Plaintiff has satisfactorily shown likelihood of success on the merits and a limited ability to articulate his claims in view of their complexity, there are exceptional circumstances warranting the appointment of counsel. *Wood*, 900 F.2d at 1335.

## IV.   CONCLUSION

Based on the foregoing

**IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 204) is GRANTED. Daniel M. Staren is appointed as counsel for Plaintiff; the Clerk of the Court shall send notice to Daniel M. Staren at 400 E Van Buren St #1900, Phoenix, AZ 85004, and at his email address of record in CM/ECF of this Order; Daniel M. Staren must file a notice of appearance within 10 days.

**IT IS FURTHER ORDERED** that Defendants' request "that the Court extend all remaining dates and deadlines" in their Response (Doc. 211) is DENIED.

Dated this 10th day of November, 2020.

James A. Teilborg
Senior United States District Judge

- 3