WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman, | No. CV-17-03829-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Correct Clear Solutions, et al., | |
| Defendants. | |

Before the Court are Plaintiff's Motion to Serve Subpoena on David Robertson (the "Subpoena Motion") (Doc. 180) and Plaintiff's Motion for a Writ of Habeas Corpus ad Testificandum (the "Writ Motion") (Doc. 227). Defendants submitted Responses to the Subpoena Motion (Docs. 192, 194), and the Writ Motion (Docs. 236, 237). Plaintiff submitted a Reply regarding the Subpoena Motion (Doc. 196). For the following reasons, the Subpoena Motion will be denied, and the Writ Motion will be granted.

**I.    BACKGROUND**

Plaintiff is confined within the Arizona Department of Corrections (the "ADC"). In its April 1, 2020, Order Setting Final Pretrial Conference and Trial, the Court ordered Plaintiff to file a motion requesting that subpoenas be served on any non-inmate witnesses Plaintiff intends to call at trial. (*See* Doc. 169 at 1–2). The Court also ordered Plaintiff to file a motion listing each inmate witness for whom he is seeking a writ to testify at trial, or writ of habeas corpus ad testificandum. (*Id.* at 2). For all witnesses, the Court ordered Plaintiff to state why each witness is necessary for trial and how Plaintiff intends to pay for

the witness fees. (*See id.*). In response to the Court's April 1, 2020, Order, Plaintiff submitted the Subpoena Motion. (Doc. 180). On November 10, 2020, the Court granted Plaintiff's motion to appoint counsel. (Doc. 218). On January 4, 2021, Plaintiff submitted the Writ motion. (Doc. 227).

## II. THE SUBPOENA MOTION

In the Subpoena Motion, Plaintiff requests that a subpoena be served on David Robertson, a Medical Program Administrator for the ADC. (Doc. 180 at 1). The Subpoena Motion was submitted prior to the appointment of counsel for Plaintiff. Now that Plaintiff has counsel, Plaintiff's counsel can coordinate serving this and other subpoenas. Thus, the Subpoena Motion will be denied as moot.

## III. THE WRIT MOTION

"[I]mprisonment suspends [a] plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf." *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989). A district court, however, has discretion to issue a writ of habeas corpus ad testificandum to secure the prisoner's presence in court so that he may testify at trial. *Wiggins v. Cty. of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983). When determining whether to issue a writ of habeas corpus ad testificandum, the Ninth Circuit has directed courts to weigh the following four *Ballard* factors: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) the security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. *See id.* (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *see also Montes v. Rafalowski*, No. C 09-0976 RMW, 2012 WL 2395273, at *1 (N.D. Cal. June 25, 2012) (applying *Ballard* factors).

In the Writ Motion, Plaintiff requests that he be allowed to testify and attend the entirety of trial in person, or, in the alternative, via video teleconference ("VTC"). (*See* Doc. 227 at 1). Plaintiff asserts that, "because of Defendants' inability to locate certain documentary evidence," the ability of the jury to evaluate Plaintiff's credibility and to view

"the physical effects" of Plaintiff's alleged injuries will be critical in the instant case. (*Id.* at 3).

After considering the *Ballard* factors in light of the challenges posed by COVID-19, the Court will grant the Writ Motion to allow Plaintiff to testify and participate in as much of the trial as is possible via VTC. *See Montes*, 2012 WL 2395273, at *2 (holding that VTC "facilitates plaintiff's meaningful participation at trial: plaintiff is able to testify, present evidence, and look each juror in the eye"); *Velasquez v. City of Santa Clara*, No. 5:11-CV-03588-PSG, 2013 WL 6320849, at *5 (N.D. Cal. Dec. 4, 2013) (Ordering plaintiff to testify via VTC and holding that testifying via VTC did not unfairly prejudice plaintiff or deny the jury adequate opportunity to judge plaintiff's credibility); *see also Perotti v. Quinones*, 790 F.3d 712, 715 (7th Cir. 2015) ("Even with all shortcomings considered, video-conferencing nonetheless facilitates [plaintiff's] meaningful participation at trial."). The Court notes that, because of the issues surrounding COVID-19, any request for a witness to approach the jury, even for the reason of the jury better viewing any claimed injuries, would presumably be met with disfavor. VTC likely presents the better option to allow a jury to closely examine the physical effects of Plaintiff's alleged injuries.

Plaintiff further requests that, if Plaintiff testifies via VTC, Defendants' testimony be presented by VTC as well. (*Id.* at 7). While the Court will not issue such an order at this time, to minimize any potential unfair advantage for Defendants, Plaintiff and Defendants must confer to discuss whether other witnesses should also appear via VTC. In the event that the parties cannot reach an agreement, either party may file a motion with the Court to request that certain other witnesses appear by VTC. Plaintiff is cautioned however, that this Court's video conferencing capabilities and equipment are limited; thus, if other witnesses are testifying by VTC, it may limit Plaintiff's ability to observe by VTC.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Serve Subpoena on David Robertson

(Doc. 180) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Writ of Habeas Corpus ad Testificandum (Doc. 227) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is hereby instructed to issue a Writ of Habeas Corpus ad Testificandum to the Warden, Florence, or his duly authorized Deputy to present Michael L Beitman, # 290497, for testimony via video teleconference ("VTC") on **Tuesday, March 16, 2021**, at **9:00 a.m.** in the above-captioned case. Upon completion of Plaintiff's testimony, the Court will endeavor to allow Plaintiff to observe as much of the rest of trial via VTC as possible based on various limitations and constraints that may present themselves at the time of trial. Upon completion of the proceedings in the above-captioned case, or at such time as the Court deems appropriate, the witness will be returned to the custody of the Arizona State Prison – Florence.

**IT IS FURTHER ORDERED** that the parties will confer to discuss whether witnesses, other than Plaintiff, should appear via VTC. In the event that the parties cannot reach an agreement, either party may file a motion with the Court to request that certain other witnesses appear by VTC.

Dated this 20th day of January, 2021.

James A. Teilborg
Senior United States District Judge