**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman, | No. CV-17-03829-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Correct Clear Solutions, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for a Writ to Testify at Trial for Brian Finkel (the "Writ Motion") (Doc. 182) and Defendants' Motion in Limine No. 2 re Brian Finkel (the "Motion in Limine") (Doc. 228). Defendants responded to the Writ motion (Docs. 191, 193) and Plaintiff replied (Doc. 197), and Plaintiff responded to the Motion in Limine (Doc. 257). The motions have been fully briefed and the Court concludes that oral argument will not aid in its decision.[1] The Court now rules.

**I.     Background**

Plaintiff is confined within the Arizona Department of Corrections (the "ADC"). In its April 1, 2020 Order Setting Final Pretrial Conference and Trial, the Court ordered Plaintiff to file a motion listing each inmate witness for whom he is seeking a writ to testify at trial, or writ of habeas corpus ad testificandum. (Doc. 169 at 2). For all witnesses, the Court ordered Plaintiff to state why each witness is necessary for trial and how Plaintiff intends to pay for the witness fees. (*See id.*). In response to the Court's April 1, 2020 Order,

---

[1] Plaintiff's request for oral argument is therefore denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiff submitted the Writ Motion. (Doc. 182). Addressing the Writ Motion, Defendants submitted the Motion in Limine. (Doc. 228).

## II. ANALYSIS

In the Writ Motion, Plaintiff seeks a writ of habeas corpus ad testificandum for inmate Brian Finkel ("Finkel"). (*See* Doc. 182 at 1). Plaintiff argues that Finkel is a necessary witness for trial because Plaintiff and Finkel have discussed Plaintiff's alleged injuries, Finkel has a medical degree and experience, and, besides doctors who work for the ADC, "Finkel is the only other person with a medical degree that has had a chance to examine [Plaintiff's] disfigured face." (*Id.* at 1–3). Defendants object to Finkel's testimony arguing that Plaintiff has not complied with Federal Rule of Civil Procedure ("FRCP") 26 regarding expert testimony, Finkel is not qualified to testify as an expert, and that Finkel's proposed testimony is more prejudicial than it is probative. (*See* Doc. 191 at 2–3). Plaintiff responds that Finkel will not testify as an expert, but "as a reasonable person with common intelligence who just happens to be a [sic] unlicensed doctor with a medical background with extensive experience." (Doc. 197 at 2).

In the Motion in Limine, Defendants request that "any testimony of Brian Finkel be precluded from the trial of this matter. (Doc. 228 at 1). Defendants' motion is based on the same arguments asserted in their response to the Writ Motion. (*See* Doc. 228). Plaintiff argues that Finkel is not going to be testifying as an expert because the cause of Plaintiff's injuries "is apparent to and easily understood by laypersons." (Doc. 257 at 2).

"The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." *Cummings v. Adams*, No. CV F 03 5294 DLB, 2006 WL 449095, at *3 (E.D. Cal. Feb. 21, 2006) (quoting *Maurer v. Pitchess*, 530 F.Supp. 77, 80 (C.D. Cal. 1981), *rv'd in part*, 755 F.2d 936 (9th Cir. 1985)); *see Jones v. Sandy*, No. 2:04-CV01933 ALA (P), 2008 WL 5068967, at *1 (E.D. Cal. Nov. 26, 2008) ("A federal court has the discretion to issue a writ of habeas corpus ad testificandum."). When making such a determination, a district court must weigh certain factors including:

> [T]he costs and inconvenience of transporting the prisoner, potential danger

> from the inmate's presence in court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.

*Maurer*, 530 F.Supp. at 80. Ultimately, a court must weigh the importance of an inmate witness's presence against the inconvenience and expense associated with the inmate witness's testimony. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

After weighing the above factors, the Court finds that the benefit of Finkel's testimony does not warrant granting a writ of habeas corpus ad testificandum. Plaintiff does not argue that Finkel saw any of Plaintiff's alleged injuries take place, but only that Finkel examined Plaintiff after his alleged injuries occurred. (*See* Doc. 182 at 1–2). Plaintiff, additionally, fails to indicate when Finkel examined his face in relation to Plaintiff's alleged injuries. (*See id.*). Thus, Plaintiff does not assert that Finkel has any firsthand knowledge of Plaintiff's alleged injuries or treatment, but only that Finkel saw Plaintiff's face at some point in time after his alleged injuries.

Further, as asserted by Defendants, Plaintiff has not complied with FRCP 26 regarding expert testimony, and the Court will not, nor has Plaintiff asked it to, waive compliance with FRCP 26. Thus, Finkel cannot testify as an expert, regardless of his qualifications. So, Finkel's testimony would be that of a lay person giving an opinion of Plaintiff's injuries based upon no firsthand knowledge. Such testimony would be of little to no probative value and is thus substantially outweighed by the costs of Finkel's testimony and any prejudice that it may produce. *See Pinson v. Fed. Bureau of Prisons*, No. CV-18-00535-TUC-RM, 2019 WL 10250755, at *4 (D. Ariz. Dec. 17, 2019), *aff'd sub nom. Pinson v. Estrada*, 812 F. App'x 701 (9th Cir. 2020) (denying writ of habeas corpus ad testificandum because plaintiff failed to show that proposed witnesses possessed probative firsthand knowledge regarding claims at issue).

**IV.   Conclusion**

Based on the foregoing, the Court will not issue a writ of habeas corpus ad

testificandum for inmate Brian Finkel. Further, because Finkel's proposed testimony offers little to no probative value and may produce substantial prejudice, and Plaintiff has not complied with FRCP 26, the Court will grant the Motion in Limine. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Writ to Testify at Trial (Doc. 182) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine No. 2 re Brian Finkel (Doc. 228) is **GRANTED,** and that any testimony of Brian Finkel is precluded from the trial of this matter.

Dated this 11th day of February, 2021.

James A. Teilborg
Senior United States District Judge