**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman, | No. CV-17-03829-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Correct Clear Solutions, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Sanctions (Doc. 198) and Supplement to the Motion for Sanctions (Doc. 243) and Defendants' Motion for Rule 60(b) Relief from Judgment (Doc. 262) and joinder thereof (Doc. 263). The motions have been fully briefed and the Court concludes that oral argument will not aid in its decision.[1] The Court now rules.

**I.   BACKGROUND**

Plaintiff Lee Michael Beitman, who is held by the Arizona Department of Corrections ("ADC"), brought this civil rights action under 42 U.S.C. § 1983 against Defendants. (Doc. 7). Plaintiff alleges that Defendants failed to properly treat injuries Plaintiff suffered to his face and ribs. (*Id.* at 1–6). Defendants filed a motion for summary judgment which was denied, in part, due to Defendants' failure to produce x-rays of Plaintiff's injuries and the fact that Plaintiff may have had a serous medical need even if he did not suffer fractures. (Doc. 162).

---

[1] Plaintiff's request for oral argument is therefore denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

After the Court denied summary judgment, Plaintiff filed the Motion for Sanctions (Doc. 198) and Supplement to the Motion for Sanctions (Doc. 243) seeking sanctions against Defendants for losing Plaintiff's x-rays allegedly taken after Plaintiff suffered his injuries. (*See* Docs. 198, 243). Defendants responded to the motion and supplement (Docs. 200, 265, 266) and Plaintiff replied (Doc. 206).

On January 18, 2021, Plaintiff's counsel produced previously undisclosed x-ray reports to Defendants. (Doc. 262 at 2). These reports, however, did not include the x-rays themselves which are still missing. (*See id.*). On February 2, 2021, Defendants filed the Motion for Rule 60(b) Relief from Judgment (Doc. 262) seeking relief from the Court's order denying summary judgment "due to Plaintiff's intentional fraudulent concealment of evidence, and misrepresentations regarding the same." (Doc. 262 at 1). Plaintiff responded (Doc. 271) and Defendants replied (Docs. 277, 278).

## II. MOTION FOR RULE 60(B) RELIEF

Defendants' motion for relief seeks, under Federal Rule of Civil Procedure ("FRCP") 60(b), "relief from the Court's Order denying Defendants' Motion for Summary Judgment." (Doc. 262 at 1). Because the Court's March 18, 2020 order denying summary judgment did not "end [ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment," the challenged order is not a final judgment or appealable interlocutory order. *Catlin v. United States*, 324 U.S. 229, 233 (1945). Thus, Defendants cannot avail themselves of FRCP 60(b) which only applies to reconsideration of "final judgments and appealable interlocutory orders." *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466–67 (9th Cir. 1989). Thus, the Court will consider Defendants' request for "relief" as a motion for reconsideration filed under District of Arizona Local Rule of Civil Procedure ("Local Rule") 7.2(g).

### a. Legal Standard

Local Rule 7.2(g) governs motions for reconsideration. It provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal

>authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1). Manifest error under Local Rule 7.2(g)(1) is "error that is plain and indisputable . . . that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *1 (D. Ariz. Apr. 1, 2014) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)).

Further, mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Motions for reconsideration are disfavored and should be granted only in rare circumstances." *Morgal v. Maricopa Cty. Bd. of Sup'rs*, No. CIV 07-0670-PHX-RCB, 2012 WL 2368478, at *1 (D. Ariz. June 21, 2012).

"Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2(g)(2). The good cause standard primarily considers the diligence of the party filing the untimely motion. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The instant motion was filed outside of the fourteen-day window provided by Local Rule 7.2(g)(2). Because it was based on newly discovered evidence, however, the Court finds that Defendants had good cause for the delay and diligently filed

the instant motion within fourteen days of the date of discovery.[2]

### b. Motion for Reconsideration

Defendants argue that the x-ray reports "likely would have changed the outcome of Defendants' dispositive motion," and that "the entire premise of Plaintiff's lawsuit is his claim that he suffered fractures." (*Id.* at 5). The summary judgment order in this case, however, did not state that Plaintiff's claims could only proceed if he suffered fractures. In fact, the summary judgment order said the opposite:

> Although Defendants assert that "[Beitman]'s entire claim against CCS and [Dr.] Gruenberg rests on his assertion that his face and ribs were fractured during the altercation on February 3, 2015," (Doc. 103 at 4–5), that is not correct. Beitman could establish a serious medical need without suffering fractures. *See McGuckin* [*v. Smith*, 974 F.2d 1050,] 1059–60 [(9th Cir. 1992)].

(Doc. 162 at 13). Thus, the introduction of the x-ray reports is neither fatal to Plaintiff's case, nor the Court's reasoning in the summary judgment order.

Defendants further argue that not having the x-ray reports "prevented Defendants from fully and fairly presenting a defense at the dispositive motion phase." (Doc. 262 at 5). Yet, Defendants asserted that Plaintiff had no fractures and the "contemporaneous medical records" proved this. (Doc. 103 at 4). While Defendants may have been able to use the x-ray reports to further support their argument that Plaintiff did not suffer fractures, that support would not have changed the outcome of the summary judgment order. (*See* Doc. 162 at 13).[3]

---

[2] The date of discovery here was a federal holiday. Thus, the Court will assume without deciding that Defendants can "count" the date of discovery as the next business day, which would make this motion timely. *See* Fed. R. Civ. P. 6(a)(1).

[3] For this reason, the Court's determination would not be different under FRCP 60(b). Under FRCP 60(b)(3), parties generally must "prove fraud on a court by clear and convincing evidence, and must also show that the fraud prevented them from fully and fairly presenting their case." *See U.S. v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011). Here, Defendants were able to fully present their case and arguments at the summary judgment stage. Defendants further argue in their reply that FRCP 60(b)(6) could also provide relief, but the Court would not find the "extraordinary circumstances" here requiring the Court to overturn its summary judgment order "to accomplish justice." *Tucson Herpetological Soc. v. Kempthorne*, No. CV-04-0075 PHX-NVW, 2006 WL 2788643, at *5 (D. Ariz. Sept. 27, 2006).

- 4 -

The Court notes, additionally, that the newly discovered evidence does not include the underlying x-rays themselves, but only the reports of x-rays allegedly taken by Defendant Gruenberg. (*See id.* at 12–16). The x-ray reports do not show that Plaintiff suffered no fractures, but only go to support Defendant Gruenberg's existing contention that "the[] radiological reports" showed that Plaintiff "had no facial or rib fractures." (Doc. 103 at 2). Thus, while it was certainly wrongful for Plaintiff to fail to disclose the x-ray reports to Defendants, the recent disclosure of the x-ray reports does not make it inequitable for the summary judgment order to stand.

Because the summary judgment order would stand, even in light of the newly discovered x-ray reports, Defendants' motion for reconsideration fails on the merits. *See United States v. Bernal*, No. CR-12-01627-PHX-DGC, 2013 WL 4512355, at *3 (D. Ariz. Aug. 26, 2013), *aff'd*, 599 F. App'x 694 (9th Cir. 2015) (denying a motion for reconsideration, even though the moving party had presented newly discovered evidence, because the new evidence would not have altered the outcome of the underlying order).

### III.   MOTIONS FOR SANCTIONS

Plaintiff requests sanctions for spoliation of evidence by Defendants. (Docs. 198, 243). Plaintiff argues that Defendants, who are the keepers of Plaintiff's medical records, have been unable to locate the x-rays related to Plaintiff's claims. Due to the inability to locate the x-rays, Plaintiff "seeks an adverse inference jury instruction, and an order precluding the defendants from offering any evidence about the x-rays, including any reports, readings, or conclusions drawn from the x-rays." (Doc. 243 at 1). Defendants respond that Plaintiff has not proven the necessary elements for a spoliation instruction, and that Plaintiff has the x-ray reports in his possession, so his motions for sanctions are "inaccurate and false." (Docs. 200, 265, 266).

The Court has discretion under its inherent powers to sanction a party who causes the spoliation of evidence. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). This discretion is broad and can range from minor sanctions, such as the awarding of attorneys' fees, *Leon*, 464 F.3d at 961, to more serious sanctions, such as dismissal of

claims, *id.* at 958, or instructing the jury that it may draw an adverse inference, *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386–387 (9th Cir. 2010). Sanctions under these "inherent powers must be exercised with restraint" and should be appropriate to the conduct that triggered the sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

Destruction of evidence or the failure to preserve property for another's use as evidence in pending litigation constitutes spoliation. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). Specifically, failure to "preserve electronic or other records, once the duty to do so has been triggered, raises the issue of spoliation of evidence and its consequences." *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp.2d. 997, 1005 (D. Ariz. 2011) (quoting *Thompson v. U.S. Dep't. of Hous. & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003)); *see also Leon*, 464 F.3d at 959 (noting willful destruction of electronic files constituted spoliation).

"A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence[.]" *Surowiec*, 790 F. Supp.2d at 1005 (quoting *Goodman v. Praxair Servs., Inc.*, 632 F. Supp.2d 494, 509 (D. Md. 2009)). The Court will now examine each of these elements to determine if Plaintiff has sufficiently established that Defendants engaged in conduct that led to the spoliation of evidence and warrants sanctions.

### a. Obligation to Preserve

"It is well established that the duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation." *Id.* (internal citation and quotation omitted). "Stated differently, the duty to preserve is triggered 'not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation.'" *Id.* (quoting *Morford v. Wal–Mart Stores, Inc.*, No. 2:09–cv–02251–RLH–PAL, 2011 WL 635220, at

*3 (D. Nev. Feb. 11, 2011)). Plaintiff argues that Defendants should have known that the x-rays could be relevant to litigation when they were taken on February 5, 2015 because of Defendants' control over Plaintiff's medical care and treatment. (Doc. 243 at 2). Defendants should certainly have known, however, that litigation could be pending by February 10, 2015 because Plaintiff told a nurse he was "going to sue," and she noted this in his medical records. (Doc. 104-1 at 10). Defendants assert that the x-rays went missing sometime between February 5, 2015 and March 20, 2015 because that is when Plaintiff was transferred to another ADC facility and the x-rays were not received by the new facility. (Doc. 200 at 2).

The Court is mindful that "the duty to preserve evidence should not be analyzed in absolute terms . . . because the duty cannot be defined with precision." *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1107 (D. Ariz. 2014). As such, the Court looks to "reasonableness under the circumstances." *Id.* While the exact date on which the x-rays were lost is unknown, Defendants, at the very least, were on notice of their obligation to preserve by February 10, 2015. Thus, the Court finds that it is reasonable to determine that Defendants were aware of possible legal action while in possession of Plaintiff's x-rays. Under the present circumstances, the Court concludes that the facts were sufficient to put Defendants on notice that litigation was likely and to trigger a duty to preserve relevant evidence.

      **b.**     **Culpable State of Mind**

"Courts have not been uniform in defining the level of culpability—be it negligence, gross negligence, willfulness, or bad faith—that is required before sanctions are appropriate." *Surowiec*, 790 F. Supp.2d at 1006 (internal quotation and citation omitted). "Nor is there consensus as to how the level of culpability is to be determined, or what prejudice, if any, may be presumed from culpable conduct." *Id.* at 1006–07. However, it is clear that "[a]n allegedly spoliating party's culpability must be determined case-by-case." *Id.* at 1007.

Defendants argue that Plaintiff has not proven that they had a culpable state of mind when the x-rays were lost because Defendants did not have a known reason to dispose of

Plaintiff's medical records. (Doc. 200 at 3). However, Defendants had an ongoing responsibility to maintain Plaintiff's medical records while he was in the custody of the ADC. At the least, Defendants' loss of Plaintiff's medical records constitutes gross negligence, and the Court finds that this is enough to satisfy the culpable state of mind requirement.

### c. Relevance to Claims

Defendants do not directly dispute that the x-rays are relevant to Plaintiff's claims. Defendants argue, however, that the recently disclosed x-ray reports are "objective alternative evidence" to the x-rays. (Doc. 266 at 4). While the x-ray reports are informative, they do not replace the x-rays themselves as evidence of Plaintiff's alleged fractures. Thus, the Court finds that the x-rays are relevant to Plaintiff's claims.

### d. Appropriate Sanction

As Plaintiff has satisfied the elements for spoliation, the Court must determine an appropriate sanction. When considering sanctions for spoliation, a court "must determine which sanction best (1) deters parties from future spoliation, (2) places the risk of an erroneous judgment on the spoliating party, and (3) restores the innocent party to their rightful litigation position." *Surowiec*, 790 F. Supp. 2d at 1008. This determination is also made against the backdrop of the recently disclosed x-ray reports.

Plaintiff requests that the Court "exclud[e] evidence offered by Defendants regarding any reports, readings, or conclusions drawn from [Plaintiff's] x-rays, and [] instruct[] the jury to infer from the lack of x-rays that the x-rays would have shown that [Plaintiff] experienced a serious medical need." (Doc. 243 at 4). The Court declines to find that such an instruction would restore Plaintiff to his rightful litigation position as the recently disclosed x-ray reports do provide relevant insight as to whether Plaintiff suffered fractures.

Instead, the Court finds, for the purposes of whether an instruction is warranted, that Plaintiff has presented sufficient evidence that Defendants had an obligation to preserve the x-rays, Defendants had the necessary state of mind, and that the x-rays would be

relevant to Plaintiff's claims. Thus, Plaintiff has shown that an instruction to the jury regarding spoliation of the x-rays is warranted. Defendants, however, will be able to present the evidence regarding reports, readings, or conclusions drawn from Plaintiff's x-rays to the jury. Thus, it will be the jury who determines whether Plaintiff suffered fractures based upon the evidence before it. Such an instruction is best suited to restore Plaintiff to his rightful litigation position but is restrained and limited as required by *Chambers*.[4]

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Rule 60(b) Relief from Judgment (Doc. 262) and joinder thereof (Doc. 263) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (Doc. 198) and Supplement to the Motion for Sanctions (Doc. 243) are **GRANTED in part**.

**IT IS FURTHER ORDERED** that the Court will give a spoliation instruction consistent with the foregoing order. Thus, each party shall submit a proposed instruction by March 3, 2021. The parties must confer in advance of such submission to attempt to agree on an instruction.

Dated this 17th day of February, 2021.

James A. Teilborg
Senior United States District Judge

---

[4] For example, Defendants argue that Defendant Gruenberg should not be subject to a spoliation instruction because he, in his individual capacity, had no duty to maintain Plaintiff's medical records. By explaining Defendants' duties to the jury, they will be able to determine which, if any, Defendants should be subject to an adverse inference based on the evidence before them.