**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman,<br><br>  Plaintiff,<br><br>v.<br><br>Correct Clear Solutions, et al.,<br><br>  Defendants. | No. CV-17-03829-PHX-JAT<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Plaintiff Lee Michael Beitman filed suit against Defendants Corizon Health Inc., Martin Gruenberg, Charles L. Ryan, Correct Care Solutions, and David Shinn alleging claims under 42 U.S.C. § 1983 and requesting damages and injunctive relief. (Doc. 7). Beginning March 15, 2021, the Court conducted a three-day jury trial. At the jury trial, Plaintiff and Defendants offered evidence pertaining to both Plaintiff's damages claims and request for injunctive relief. At the close of trial, the jury found against Plaintiff and for Defendants on all claims, and the Court determined judgment should be entered for Defendant Shinn on the injunctive relief claim at issue. (Doc. 301). Pursuant to Federal Rule of Civil Procedure 52, the Court makes the following findings of fact and conclusions of law regarding Plaintiff's request for injunctive relief.

**I.   FINDINGS OF FACT**

Plaintiff was admitted as an inmate at the Arizona Department of Corrections ("ADC") in 2014. (Doc. 310). In 2015, Plaintiff was involved in an altercation with other inmates in which he suffered injuries. (*Id.*). Defendant Ryan was the Director of the ADC

at the time of the 2015 altercation. (*Id.*). Plaintiff filed the instant claim for injunctive relief against Defendant Ryan in his official capacity alleging that Plaintiff's Eight Amendment rights are being violated by Defendant Shinn's deliberate indifference to Plaintiff's serious medical need. (*Id.*). Defendant Shinn became the Director of the ADC in 2019. (*Id.*). On March 18, 2020, Defendant Shinn was substituted as the defendant for Plaintiff's official capacity claim for injunctive relief. (Doc. 162).

At trial, Plaintiff presented no evidence to differentiate the medical care he is currently receiving from the ADC under Defendant Shinn from the medical care he received from the ADC under Defendant Ryan. (*See* Docs. 310, 311, 312, 313, 314). Further, Plaintiff presented no medical evidence or expert testimony that the injunction he seeks, to consult with a maxillofacial specialist, is medically necessary or appropriate. (*See id.*). Additionally, Plaintiff presented no medical or expert testimony that the treatment he received for his injuries was inadequate. (*See id.*). At the close of evidence, the Court determined that Defendant Ryan was entitled to judgment as a matter of law under Rule 50, and the jury found against Plaintiff on all claims. (Doc. 314). This Court accepts the jury's finding that Defendants were not deliberately indifferent to a serious medical need of Plaintiff.

## II. CONCLUSIONS OF LAW

For an incarcerated plaintiff to prove a claim for improper medical treatment under the Eighth Amendment, the plaintiff must prove that prison officials acted with deliberate indifference to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104, 106 (1976). The jury found, and the Court accepts, that no Defendant acted with deliberate indifference to a serious medical need of Plaintiff. (*See* Doc. 314). Because no Defendant acted with deliberate indifference to a serious medical need of Plaintiff, the Court determined judgment should be entered in favor of Defendant Shinn under Rule 52. (Doc. 314). Further, because Plaintiff presented no medical evidence or expert testimony to support the injunction he seeks, Plaintiff has failed to show that his requested relief should be granted.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** amending the minute entry for March 17, 2021 (Doc. 301) at 4:43 p.m. to read:

"4:43 p.m. Court reconvenes. Ms. Barnes moves that the Court, in light of the jury verdict in favor of the Defendants, include Defendant Shinn in the judgment entered. Upon Plaintiff raising no objection, it is so ORDERED."

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment for Defendants Corizon Health Incorporated, Martin Gruenberg, and Correct Care Solutions based on the jury verdicts (Doc. 303); for Charles L. Ryan based on the Court's order (Doc. 301); for David Shinn based on these Findings of Fact and Conclusions of Law; and for Bennie Rollins based on the Court's order (Doc. 57).

Dated this 19th day of March, 2021.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge