WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Correct Clear Solutions, et al.,<br><br>　　　　　Defendants. | No. CV-17-03829-PHX-JAT<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for New Trial (Doc. 318). Defendants responded (Docs. 320, 321) and Plaintiff replied (Docs. 324, 325). The Court now rules.

**I.　　BACKGROUND**

Plaintiff Lee Michael Beitman who is held by the Arizona Department of Corrections, brought this civil rights action under 42 U.S.C. § 1983 against Defendants. (Doc. 7). After a three-day trial, the Court granted Defendants' Rule 50 motion regarding Defendant Charles Ryan and the jury returned a verdict in favor of Defendants Correct Care Solutions, Martin Gruenburg, and Corizon Health, Inc. (Doc. 301). The Court then made findings of fact and conclusions of law in which it ordered judgment be entered in favor of Defendant David Shinn. (Doc. 316). The Clerk of Court entered Judgment in favor of Defendants on March 22, 2021. (Doc. 317).

Following the entry of judgment, Plaintiff submitted the instant Motion for New Trial (Doc. 318). Defendants responded (Docs. 320, 321) and Plaintiff replied (Docs. 324, 325).

## II. LEGAL STANDARD

A motion for new trial under Rule 59(a) may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted" in federal court. Fed. R. Civ. P. 59(a)(1)(A). Reasons for granting a new trial may include a verdict that is contrary to the weight of the evidence or a trial that was manifestly unjust to the nonmoving party. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Unlike with a Rule 50 motion, the Court may make determinations as to the weight of the evidence and credibility of witnesses when determining whether a new trial is warranted. *See Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010); *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992). Motions for new trial should generally not be granted if there was "some 'reasonable basis' for the jury's verdict." *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017) (quoting *Molski*, 481 F.3d at 729).

## III. ANALYSIS

Plaintiff argues that he is entitled to a new trial because counsel for Defendants improperly questioned Plaintiff about the charges for which he was incarcerated, because Defendant Charles Ryan testified about the classification system for different prisons in Arizona, and because the jury did not properly consider the evidence in the case. (Doc. 318). The Court will address each argument in turn.

### A. Questions Regarding Plaintiff's Charges

Plaintiff argues that he is entitled to a new trial because counsel for Defendants improperly questioned him about the charges for which he was incarcerated. (*Id.* at 2–3). As noted by Plaintiff, counsel for Defendants asked Plaintiff about his charges twice, and in both instances Plaintiff's counsel made an objection which the Court sustained. (*Id.*). Thus, the jury did not hear any improper evidence or testimony regarding Plaintiff's charges as a result of the questions at issue. Because the Court sustained Plaintiff's objections and the jury did not hear testimony regarding Plaintiff's charges, Defense counsel's questions do not constitute reasons for granting a new trial. *See Ostling v. City of Bainbridge Island*, No. 11-CV-5219 RBL, 2012 WL 4480547, at *4 (W.D. Wash. Sept.

28, 2012) (holding that inappropriate statements by counsel did not constitute reasons for new trial, in part, because objections to the questions were sustained); *McCloudy v. Cent. California Found. For Health*, No. CV 09-5229-GW(AJWX), 2011 WL 13213810, at *2 (C.D. Cal. May 23, 2011) (denying motion for new trial, in part, because objections to allegedly improper questions were sustained); *Versace v. Awada*, No. CV033254GAFRNBX, 2010 WL 11515467, at *2 n.2 (C.D. Cal. Aug. 2, 2010) (holding that improper questions from counsel could not support grant of Rule 59 motion because objections to questions were sustained).

Plaintiff additionally contends that, even though the objections to the questions at issue were sustained, the jury was likely to have looked up Plaintiff's charges online after the questions were asked due to their "prejudicial and inflammatory" nature. (Doc. 318 at 3–4). Plaintiff, however, admits that the Court "gave a curative jury instruction not to investigate online." (*Id.* at 3). The Ninth Circuit has held that courts "must assume that a jury follows any curative instruction." *United States v. Minjarez*, 495 F. App'x 857, 858 (9th Cir. 2012) (citing *United States v. Johnson*, 618 F.2d 60, 62 (9th Cir. 1980)). Thus, Plaintiff's unsupported argument that the jury did not follow the Court's instructions to not investigate Plaintiff online does not constitute a reason to grant a new trial.

### B. Charles Ryan's Testimony

Plaintiff next asserts that he is entitled to a new trial because testimony elicited from Defendant Charles Ryan improperly tainted the jury. (Doc. 318 at 3–4). During his testimony, Defendant Ryan discussed the classification system for prisons in Arizona. (*See* Doc. 313 at 46–52). Plaintiff argues that this discussion of the prison classification system, along with the knowledge of the prisons that housed Plaintiff and his classification, improperly revealed the nature of Plaintiff's charges to the jury. (*See* Doc. 318 at 3). Defendant Ryan, however, never stated what Plaintiff's charges were, what units Plaintiff was housed in, or that Plaintiff was housed in a prison suited to his specific charges. (*See* Doc. 313 at 46–52). Defendant Ryan's testimony—to which Plaintiff did not object— consisted of general background on the prison classification system for numerous types of

offenders, rather than singling out Plaintiff or his charges for the jury. (*See id.*). Such testimony was not improper and does not constitute a reason to grant a new trial.

### C. Jury's Consideration of the Evidence

Plaintiff's final argument is that he is entitled to a new trial because the jury did not properly consider the evidence because they were "prejudicial toward the Plaintiff." (Doc. 318 at 4–6). Plaintiff asserts that this prejudice was clear because the jury deliberated for approximately 30 minutes, because Defendant Martin Gruenberg "was impaired during his testimony," and because "at least one of the jurors fell asleep during the trial." (*Id.*).

To begin, "the fact that the jury remained out only a short time before bringing in their verdict is not of itself ground for a new trial in the absence of coercion or of circumstances evincing passion or prejudice." *Harnden v. Key*, No. 1:02CV06529LJOGSAPC, 2009 WL 57637, at *9 (E.D. Cal. Jan. 9, 2009) (collecting cases); *Sussel v. Wynne*, No. 05-00444 ACKKSC, 2007 WL 106536, at *8 (D. Haw. Jan. 8, 2007), *aff'd*, 283 F. App'x 571 (9th Cir. 2008) (holding that a relatively short deliberation period does not indicate misconduct or provide grounds for a new trial); *United States v. Rodrigues*, No. CR 01-00078 DAE, 2003 WL 27381632, at *24 (D. Haw. Jan. 31, 2003) (finding no misconduct in connection with relatively short jury deliberations). Plaintiff contends that the jury was prejudiced against him due to his criminal charges, but as discussed *supra*, the jury was never made aware of these charges and was instructed by the Court to not investigate Plaintiff's charges. (*See supra* Sections III.A, III.B). Plaintiff presents no other arguments of coercion, passion, or prejudice by the jury, so the Court finds that the length of the jury's deliberations does not constitute a reason to grant a new trial.

Next, regarding the alleged impairment of Defendant Martin Gruenberg, Plaintiff seems to assert that no reasonable jury would have believed Defendant Gruenberg's testimony that Plaintiff was properly treated after his facial injury. (*See* Doc. 318 at 5). The Ninth Circuit, however, holds that, "[c]redibility findings are entrusted to the jury." *United States v. Leung*, 35 F.3d 1402, 1405 (9th Cir. 1994). Thus, if the jury found Defendant

Gruenberg to be credible, because that finding was reasonable and supported by the evidence, it is not the Court's role to upend the jury's finding. *See United States v. Fredericks*, 145 F.3d 1342 (9th Cir. 1998) (holding that a court did not abuse its discretion in denying a motion for new trial after deferring to a jury's apparent determination of a witness's credibility). Even if Defendant Gruenberg's testimony was not credible, there was ample other evidence for the jury to base its ruling on such that the credibility of Defendant Gruenberg's testimony does not constitute a reason to grant a new trial. *See Oliverez v. Albitre*, No. 109CV00352LJOSKOPC, 2014 WL 12766514, at *1 (E.D. Cal. Mar. 26, 2014) (holding that a jury's verdict should not be overturned as there was sufficient evidence to support it).

Finally, there is no record evidence that any of the jurors fell asleep during the trial. The Court did not observe any jurors sleeping nor did any of the parties raise concerns or objections regarding a juror sleeping during trial. Further, Plaintiff has presented no evidence to substantiate his claim that a juror fell asleep during trial. (*See* Docs. 318, 324, 325).

Further, even if a juror was sleeping, to warrant a new trial, the effect of the sleeping juror must have "prejudiced [Plaintiff] to the extent that he has not received a fair trial." *United States v. Hendrix*, 549 F.2d 1225, 1229 (9th Cir. 1977). "Generally, new trials have not been granted for a sleeping juror when only "general assertion[s] that jurors slept through [critical] parts" of the trial have been made." *Jackson v. A-C Prod. Liab. Tr.*, 622 F. Supp. 2d 641, 648–49 (N.D. Ohio 2009) (quoting *United States v. Tierney*, 947 F.2d 854, 868–69 (8th Cir. 1991)). Plaintiff's assertion that a juror was sleeping at trial consists of one sentence at the end of his Motion for New Trial and a single paragraph in his replies with no explanation of how he was prejudiced by the allegedly sleeping juror beyond saying she was unconcerned with the facts or trial. (Doc. 318 at 6). The Court, however, observed that the jurors were attentive and engaged, and neither party made any mention of the allegedly sleeping juror at trial. Thus, even if a juror fell asleep during the trial, Plaintiff is not entitled to a new trial as he has failed to show any prejudice resulting from

a single instance of one juror falling asleep for an unknown portion of the trial. *See Jackson.*, 622 F. Supp. 2d at 649 (holding that a party was not entitled to a new trial because he had not shown prejudice from a juror allegedly falling asleep at trial); *see also Idom v. Natchez-Adams Sch. Dist.*, 178 F. Supp. 3d 426, 436 (S.D. Miss. 2016) (holding that a party was not entitled to a new trial based on a juror sleeping through portions of the trial because no objection was raised at trial).

IV.  **CONCLUSION**

The Court finds that the verdict was not against the weight of the evidence and Plaintiff has failed to show that he is entitled to a new trial. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for New Trial (Doc. 318) is **DENIED**.

Dated this 26th day of May, 2021.

James A. Teilborg
Senior United States District Judge